IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-00264-PRW |
| | ) | |
| JAMES KEITH RUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant James Keith Russey's "Motion for Reduction of Sentence (Dist. Court) [Pursuant to 18] U.S.C. § 3582(c) w[ith] Amendment 821[1]—Compassionate Release" (Dkt. 78); and the government's Response in opposition (Dkt. 83). Upon consideration, the Court **DISMISSES** the Motion (Dkt. 78) **WITHOUT PREJUDICE**.

As a preliminary matter, Russey requests that the Court appoint new counsel to pursue compassionate release. But "there is no constitutional right to counsel to aid in a defendant's request for compassionate release."[2] In such cases the decision to appoint

---

[1] The Court previously denied Russey's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of U.S.S.G. Amendment 821. (Dkts. 85–86) ("The Court imposed a sentence within the amended guideline range, and [Russey] has not presented any new circumstances warranting a sentence reduction.").

[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021).

counsel is a matter of judicial discretion.[3] Considering Russey's arguments in support of his motion, the Court denies his request for counsel.[4]

Russey is currently serving a 108-month sentence after pleading guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As of April 2024, he had completed 51% of his sentence.[5] Russey seeks compassionate release due to: (1) his argument that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him; (2) his good conduct while incarcerated; (3) the amount of time he has served; (4) the fact that he "survived the COVID-19 Pandemic in a hostile environment"; (5) the high probability that he will not recidivate; and (6) his untreated PTSD. He seeks release for these "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), which provides, in part:

> [T]he the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . may reduce the term of imprisonment . . . after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Prior to the passage of the First Step Act, only the Bureau of Prisons could seek compassionate release on behalf of a federal inmate under 18 U.S.C. § 3582(c). The Act, passed in December of 2018, enabled a defendant to seek modification of a term of

---

[3] *See Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir. 2001).

[4] *See United States v. Campos*, 630 F. Appx. 813, 816 (10th Cir. 2015) (denying motion to appoint counsel in appeal from denial of compassionate release after concluding defendant's arguments lacked merit).

[5] Resp. (Dkt. 83-1), at 3.

imprisonment directly from the Court in the event the Bureau of Prisons, via the warden, declined to file such a motion. However, to invoke this direct access to the courts, the defendant must properly exhaust his administrative remedies.[6]

Under current Tenth Circuit authority, the exhaustion provision of § 3582(c)(1)(A) is a mandatory claims-processing rule that the Court must enforce when invoked by the Government.[7] In his Motion, Russey makes no effort to allege, much less substantiate, exhaustion. The United States, in response, submitted records of communications with attorneys at the Bureau of Prisons who could not locate any records of Russey requesting the warden for such a motion.[8] Since it is incumbent on a defendant to establish exhaustion of administrative remedies and here Russey has failed to demonstrate such exhaustion, the current motion must be dismissed for failure to exhaust administrative remedies.[9]

---

[6] *See* 18 U.S.C. § 3582(c)(1)(A).

[7] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021); *see also United States v. Gieswein*, 2021 WL 4852420, at *1 (10th Cir. 2021).

[8] *See* Resp. Ex. 2 (Dkt. 83-2).

[9] *United States v. Ray*, CR-17-00146-R, at *2 (W.D. Okla. Dec. 27, 2021) (dismissing motion for failure to exhaust where "Defendant contend[ed] that he submitted a request to the warden . . . [but h]e did not, however, submit a copy of the request with his motion and . . . the Bureau of Prisons has no record of any such request"); *see also* Order (Dkt. 369), *United States v. Garcia-Rivas*, CR-12-00247-R, at *2 (W.D. Okla. Oct. 5, 2021) (dismissing compassionate release motion because "[d]efendant ha[d] provided no evidence that he ha[d] submitted a request for compassionate release to the warden, thereby initiating the first step in the statutory process, before filing his request with the Court").

Accordingly, the Court **DISMISSES** the Motion (Dkt. 78) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 8th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE